UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PUBLIC PAYPHONE COMPANY                    CIVIL ACTION

VERSUS                                     NO. 13-2349

WAL-MART STORES, INC.                      SECTION "B"(4)


ORDER AND REASONS

Nature of Motion and Relief Sought:

Before the Court are Plaintiff Public Payphone Company's ("PPC") Motion to Compel Arbitration, Defendant Wal-mart Stores, Inc.'s ("Wal-mart") Opposition, and PPC's Reply. (Rec. Docs. No. 24, 26, & 29).

**IT IS ORDERED** that PPC's Motion is **GRANTED** as set forth below.

Factual and Procedural History:

The facts and procedural history of this case are set out in greater detail in the Court's January 9, 2014 Order and Reasons denying Wal-mart's motion to dismiss. (Rec. Doc. 23). A shorter summary follows here.

On October 21, 2003, PPC and Wal-mart entered into a Public Telephone Placement Agreement ("the Agreement") whereby PPC agreed to install public telephones at select Wal-mart locations. (Rec. Doc. 1 at 2). Paragraph 17 of the Agreement ("The Arbitration Provision"), provides that "Any dispute, claim or controversy arising out of, connected with or relating to this Agreement shall

be resolved by binding arbitration administered and conducted under *the Commercial Arbitration Association* and Title 9 of the United States Code." *Id.* at 6 (emphasis added). The Commercial Arbitration Association is a non-existent entity. The Agreement also contains a "prevailing party clause," which provides that the "prevailing party" of "any legal proceeding" will be entitled to actual costs and fees. *Id.* at 5.

On December 15, 2006, a non-party sued Wal-mart for personal injuries, alleging that a telephone casing fell on her foot inside of a Wal-mart store in Mississippi. Wal-mart filed a third-party complaint against PPC on May 25, 2007, seeking indemnity under the Agreement and under the common law. *Id.; see also* Third Party Complaint at 4-6, *Moore v. Wal-mart*, No. 07-0005 (N.D. Ms. 2007). Jury trial as to the claims against Wal-mart concluded on April 8, 2009, with a finding of no liability in favor of Wal-mart. (Rec. Doc. 1 at 4). On September 20, 2012, the district court ruled in favor of PPC, finding that Wal-mart acted with negligence, which precluded it from recovering fees under the Agreement's Indemnification Provision. *Id.* at 5.

On January 25, 2013, PPC filed a Demand for Arbitration with the American Arbitration Association ("AAA") in New Orleans, Louisiana, seeking fees and costs under the "prevailing party clause" of the indemnity provision. *Id.* at 6. In February of the same year, Wal-mart informed the AAA that it objected to

2

arbitration on the grounds that the Arbitration Provision mandated arbitration under the "Commercial Arbitration Association," a nonexistent entity. *Id.* The AAA officially notified the parties that the arbitration proceedings had ceased due to Wal-mart's objections on May 18, 2013. *Id.* Roughly a month later, on April 22, 2013, PPC initiated the instant suit, filing a Complaint to Compel Arbitration. *Id.* Wal-mart moved for dismissal on three grounds: res judicata, waiver, and unenforceability. (Rec. Doc. 8). The Court addressed and rejected each of those contentions, denied the motion, and directed PPC to file the instant motion by a date certain. (Rec. Doc. 23). PPC timely filed, and Wal-mart submitted a memorandum in opposition, asserting the same three contentions previously rejected. (Rec. Docs. 24 & 26).

<u>Law and Analysis</u>:

**<u>A. Motions to Compel Arbitration Under the FAA</u>**

There is a strong presumption in favor of arbitration under the Federal Arbitration Act (the "FAA"). *See* 9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Accordingly, courts must rule on motions to compel arbitration in "an expeditious and summary hearing, with only restricted inquiry into factual issues". *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 22.

The Fifth Circuit provides a two-step test for determining whether a district court should compel arbitration. First, the

court must determine whether an agreement to arbitrate exists. *Pers. Sec. & Safety Sys. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir.2002). Second, the Court must determine whether the dispute in question falls within the scope of that arbitration agreement. *Id.* Doubts as to whether an agreement expressly provides for arbitration are usually resolved in favor of arbitration. *Id.* While courts look to state-law principles of contract interpretation to decide whether the parties agreed to arbitrate the dispute in question, *Webb v. Investacorp, Inc.,* 89 F.3d 252, 258 (5th Cir.1996), and "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

Here, no genuine issue of material fact exists as to PPC's right to arbitrate its claim for fees and costs. Specifically, the Court finds that an agreement to arbitrate exists under general contract principles as governed by state and federal law. The Court further finds that the parties clearly intended to submit any "dispute, claim or controversy" connected with the Agreement to "binding arbitration" by a neutral arbitrator with expertise and experience in commercial arbitration similar that of the American Arbitration Association (the "AAA"). (Rec. Doc. 24-2 at 4). The Court further finds that the dispute in question

falls within the Arbitration Provision. Where arbitration provisions are so broad as that at issue here, which applies to "[a]ny dispute, claim or controversy arising out of connected with or relating to this agreement . . ." (Rec. Doc. 24-2 at 4), the dispute need only "touch matters that are covered by the [Arbitration Provision] to be arbitrable." *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1068 (5th Cir. 1998).[1]

Because the Arbitration Provision named a non-existent forum, the issue of where and with what organization the parties shall arbitrate remains to be settled. Failure to designate a forum does not does not undermine otherwise valid arbitration provisions. *See ATSA of California, Inc. v. Cont'l Ins. Co.*, 702 F.2d 172, 174 (9th Cir. 1983) amended, 754 F.2d 1394 (9th Cir. 1985)(the argument that arbitration should not be compelled for failure to designate forum "has no merit.") However, section 4 of the FAA only permits a district court to order arbitration in the district in which it sits. *See*, *e.g.*, *Control Screening LLC v. Technological Application & Prod. Co.*, 687 F.3d 163, 171 (3d Cir. 2012) ("[W]hen an arbitration agreement lacks a term specifying location, a district court may compel arbitration only within its district.")

---

[1]In opposing the subject motion, Wal-mart essentially repeats its contentions made when seeking dismissal. Those contentions have already been rejected and thoroughly addressed in prior order. (Rec. Doc. 23).

Given the parties' intent to arbitrate under an organization similar to the AAA, to further resolution a matter that began more than seven years ago, and for the reasons above and explained at length in prior order, it is **hereby ORDERED** that **(i)** PPC'S motion is **GRANTED** and **(ii)** the parties must submit to arbitration under the AAA within the Eastern District of Louisiana no later than 30 days from the date of this order.

New Orleans, Louisiana, this 25th day of February, 2014.

_____

UNITED STATES DISTRICT JUDGE